UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

LARRY D. WHITE,

    Petitioner,

v.

DIRECTOR, TDCJ-CID,

    Respondent.

No. 1:22-CV-00105-H

## OPINION AND ORDER

Petitioner Larry D. White, a self-represented state prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and 60-year sentence out of Taylor County for murder. Dkt. No. 1. Respondent filed an answer with copies of Petitioner's relevant state-court records, arguing that the petition is partially unexhausted and procedurally barred, and otherwise without merit. Dkt. Nos. 11, 12, 10. Petitioner did not file a reply. As explained below, the Court finds that Petitioner has failed to overcome the difficult, deferential standard of 28 U.S.C. § 2254(d). Thus, the petition must be denied and dismissed with prejudice.

**1.**    **Background**

Petitioner challenges his conviction and 60-year prison sentence out of the 104th District Court of Taylor County, Texas. In cause number 20964-B, styled *State of Texas v. Larry Dewayne White*, Petitioner was charged with the murder of Kenneth Wayne Williams by choking him to death.[1] Dkt. No. 10-19 at 6. He pled not guilty, but on February 7, 2019, a jury found him guilty and sentenced him to 60 years in the Texas Department of Criminal

---

[1] Respondent set forth the factual background of this case by adopting the relevant portion of the Eleventh Court of Appeals's Memorandum Opinion. *See* Dkt. No. 11 at 3–6. The Court need not repeat it here.

Justice (TDCJ). Dkt. No. 10-19 at 23–25. Petitioner filed an appeal, but the Eleventh Court of Appeals affirmed the judgment of the trial court. *See id.* at 27–35. Then, the Texas Court of Criminal Appeals (TCCA) refused Petitioner's Petition for Discretionary Review (PDR) on February 11, 2021. *See* PD-0189-21.

Petitioner filed a state application for writ of habeas corpus, but the TCCA dismissed it as noncompliant under Texas Rules of Appellate Procedure 73.2. Dkt. No. 10-17. Petitioner filed a second state habeas application, challenging his conviction on two of the three grounds raised in this petition, as well as several more not raised here. *See* Dkt. No. 10-19 at 36–102. The TCCA denied the application without written order on May 18, 2022. *See* Dkt. Nos. 10-20; 11-1 at 24.

Petitioner filed his federal petition on July 5, 2022.[2] The Court understands Petitioner to challenge his conviction and sentence on these grounds:

1) He was denied effective assistance of trial counsel before trial when his attorney failed to (a) investigate the circumstances of his case to protect and advance his right to the defenses of insanity and self-defense, or (b) prepare unidentified pretrial motions related to the defenses of insanity and self-defense;

2) He was denied effective assistance of trial counsel when his attorney failed to investigate and present the defenses of self-defense and insanity by (a) presenting motions showing there was a scintilla of evidence that he acted in self-defense, (b) present evidence that he was under the influence of antipsychotic medications at the time of the offense, (c) obtain his mental health records from unidentified resources, or (d) request, retain, and call a psychiatric expert to assist him in the pursuit of an insanity defense; and

3) He was denied effective assistance of counsel on appeal when counsel failed to (a) adequately consult with Petitioner, (b) investigate the case and trial record, and (c) raise errors committed by trial counsel as points of error on appeal, and also because appellate counsel moved to withdraw on appeal.

---

[2] *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (providing that a prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing).

Respondent argues that Petitioner's ground 2(d)—asserting that his attorney failed to retain a psychiatric expert—is unexhausted and procedurally barred. And Respondent argues that the other grounds are wholly meritless. Specifically, Respondent argues that (1) the TCCA reasonably denied relief on Petitioner's ineffective-assistance-of-counsel claims; (2) Petitioner failed to identify—much less present—any of the mental health records he now claims his trial counsel should have secured and presented during trial; (3) many of Petitioner's claims are conclusory and do not support relief; (4) Petitioner was examined prior to trial by two separate psychiatrists who had conflicting results—one of which found Petitioner was not sane, the latter found him sane; (5) trial counsel's decision not to present the insanity defense was a reasonable strategic decision given those conflicting results; (6) the record shows that trial counsel did present evidence and argue a self-defense theory at the guilt-innocence phase of trial; and (7) the state habeas court properly rejected Petitioner's arguments that appellate counsel should have presented ineffective-assistance-of-trial-counsel claims on appeal because such claims are more properly presented in a state habeas proceeding. Thus, Respondent argues that Petitioner is not entitled to federal habeas relief and urges the Court to deny the petition and dismiss this civil action with prejudice.

2. **Legal Standard**

Section 2254 provides federal courts with an important but limited opportunity to review a state prisoner's conviction and sentence. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) (explaining that the statute is "designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions"). This statute, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), creates a "highly deferential standard for evaluating state-court rulings, . . . which demands that state-

court decisions be given the benefit of the doubt." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam) (internal quotation marks omitted).

The basic structure of the federal habeas statute is "designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." *Richter*, 562 U.S. at 103. First, the statute requires that a habeas petitioner exhaust his claims in state court. 28 U.S.C. § 2254(b). If the state court dismisses the claim on procedural grounds, then the claim is barred from federal review unless the petitioner shows cause and prejudice. *Richter*, 562 U.S. at 103. And if the state court denies the claim on the merits, then AEDPA's relitigation bar applies. *Lucio v. Lumpkin*, 987 F.3d 451, 464–65 (5th Cir. 2021).

### A.     AEDPA's Relitigation Bar

Once a state a state court has rejected a claim on the merits, a federal court may grant relief on that claim only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state-court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable

application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000); *see also Pierre v. Vannoy*, 891 F.3d 224, 227 (5th Cir. 2018) (explaining that a petitioner's lack of "Supreme Court precedent to support" a ground for habeas relief "ends [his] case" as to that ground).

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Federal habeas relief is precluded even when the state court's factual determination is debatable. *Id.* at 303. State-court factual determinations are entitled to a "presumption of correctness" that a petitioner may rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This "deference extends not only to express findings of fact, but to the implicit findings of the state court." *Ford v. Davis*, 910 F.3d 232, 234–35 (5th Cir. 2018).

State courts need not provide reasons for their decisions, and even summary denials of relief are entitled to substantial deference. *Richter*, 562 U.S. at 100–01. Of course, when the state high court "explains its decision on the merits in a reasoned opinion," then the federal court's review is straightforward—it "simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). But when reviewing a summary denial, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." *Id.* If the lower court's rationale is reasonable, the federal court must "presume that the unexplained decision adopted the same reasoning." *Id.* This presumption may be rebutted, however, by evidence that the summary decision "relied or

most likely did rely on different grounds." *Id.* at 125–26. And when the lower state court decision is unreasonable, then it is more likely that the state high court's single-word decision rests on alternative grounds. *Id.* at 132.

In short, a reviewing court cannot "overlook[] arguments that would otherwise justify the state court's result." *Richter*, 562 U.S. at 102. A federal habeas court "must determine what arguments or theories supported, or . . . could have supported, the state court's decision" before considering "whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent" with Supreme Court precedent. *Id.* "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Moreover, "federal habeas relief does not lie for errors of state law," and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas review is reserved only as a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102–03. This standard is intentionally "difficult to meet." *Id.*

Finally, federal habeas review is limited "to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011).

6

In short, to overcome AEDPA's highly deferential, difficult standard, a petitioner "must show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny . . . relief was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans v. Davis*, 875 F.3d 210, 217 (5th Cir. 2017).

### B.   Exhaustion and Procedural Default

A state prisoner is required to fully exhaust his state remedies before he applies for federal habeas relief. *See Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985). A prisoner satisfies the exhaustion requirement when he has fairly presented the factual and legal basis for a federal claim to the highest state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92–92 (5th Cir. 1989). In Texas, this means that a prisoner must present his claims to the TCCA either on direct appeal by filing a PDR or in an application for state post-conviction relief. *See Richardson*, 762 F.2d at 432; *see also Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Related to exhaustion is the concept of procedural default. "[I]f the prisoner fails to exhaust available state remedies, and the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred, the prisoner has defaulted those claims." *Coleman v. Dretke*, 395 F.3d 216, 220 (5th Cir. 2004) (citing *Nobles*, 127 F.3d at 420). Texas state law "prohibits Texas courts from considering the merits of, or granting relief based on, a subsequent writ application filed after the final disposition of the inmate's first application unless he demonstrates cause or actual innocence." *Sefiane v. Director, TDCJ-CID*, 2022 WL 3999851, at *6 (E.D. Tex. July 18, 2022), *rec. accepted* 2022 WL 3974998 (E.D. Tex. Aug. 31, 2022) (citing Tex. Code Crim. Proc. art. 11.07 § 4); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001)) ("[T]he Texas

abuse of the writ doctrine prohibits a second habeas petition, absent a showing of cause, if the petitioner urges grounds therein that could have been, but were not, raised in the first habeas petition.").

### C. Ineffective Assistance of Counsel

The well-known standard applicable to ineffective-assistance-of-counsel claims is explained in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Under the two-pronged *Strickland* test, a petitioner must show that counsel's performance was both deficient and prejudicial. *Id.* at 687. An attorney's performance was deficient if the attorney made errors so serious that the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession.

A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689. A strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 694).

Additionally, a petitioner must show that counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show that counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687. Specifically, to prove prejudice, a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness

does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). This is a heavy burden that requires a "substantial," and not just a "conceivable," likelihood of a different result. *Richter*, 562 U.S. at 112; *see also Pinholster*, 563 U.S. at 189.

In the context of § 2254(d), the deferential standard that must be given to counsel's representation must also be considered in tandem with the deference that must be accorded state-court decisions, which has been called "doubly" deferential. *Richter*, 562 U.S. at 105. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Additionally, if a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland*, 466 U.S. at 697.

3.   **Discussion**

The Court thoroughly examined Petitioner's pleadings, Respondent's answer, the relevant state court records, and the applicable law. The Court finds that an evidentiary hearing is not necessary to resolve the instant petition. *See Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991) ("[A] petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction."). As explained below and based on the facts and law set forth in Respondent's answer, the Court denies Petitioner's claims in part as unexhausted, procedurally barred, and meritless, and in part because he has not overcome AEDPA's relitigation bar.

**A.	Petitioner failed to exhaust his claim that trial counsel was ineffective for failing to request, retain, and call a psychiatric expert to assist him in the pursuit of an insanity defense, but even if he had exhausted, his argument is wholly meritless and contradicted by the record.**

In short, and as argued by Respondent, the records demonstrate that Petitioner failed to raise his psychiatric-expert claim in his appeal, PDR, or state habeas application. Thus, the Court finds that that ground for relief must be dismissed for failure to exhaust. Additionally, because he would be precluded from returning to the TCCA to exhaust it now under Texas's abuse-of-the-writ doctrine, it is procedurally defaulted. When a petitioner procedurally defaults his federal claims by failing to follow applicable state procedural rules, the claims may be dismissed unless the petitioner demonstrates cause for the default and actual prejudice because of the alleged error, or that a miscarriage of justice will occur if the federal courts do not consider the claim. *Sawyer v. Whitley*, 505 U.S. 333, 338–39 (1992); *Nelson v. Davis*, 952 F.3d 651, 662 (5th Cir. 2020). To show cause for the default, the petitioner "must establish that some objective factor external to the defense impeded his efforts to comply with the state procedural rule." *Sefiane*, 2022 WL 3999851, at *6 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996)). To show prejudice, the petitioner must show that the error "worked to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Here, Petitioner makes no showing of cause, prejudice, or a miscarriage of justice. Thus, his claim that his trial counsel was ineffective for failing to retain a psychiatric expert is unexhausted and procedurally barred and cannot support habeas relief.

Additionally, even if Petitioner had exhausted this claim, it is without merit. As explained by the respondent, the trial docket reflects that Petitioner was examined on two separate occasions regarding his sanity at the time of the offense. *See* Dkt. No. 11 at 18. And, in any event, the record supports the reasonable conclusion that trial counsel's

decision to forgo pursuit of the insanity defense was a matter of reasoned trial strategy. *Id.* at 19. Thus, Petitioner is not entitled to federal habeas relief on this ground.

### B. Petitioner's remaining claims fail to overcome AEDPA's relitigation bar.

Petitioner raised his remaining grounds for review in his state habeas proceedings, and the TCCA rejected them on the merits.[3] The TCCA's summary denial is entitled to substantial deference. *Richter*, 562 U.S. at 100–01. And, as thoroughly explained by Respondent, Petitioner has not met the demanding standard for overcoming that deference.[4] Simply put, he has failed to show that the state court's ruling on his claims was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. *See id.* at 102.

In sum, Petitioner has failed to show that the state court's adjudication of his claims resulted in a decision contrary to clearly established federal law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Thus, he is not entitled to federal habeas relief.

### 4. Conclusion

The Court thoroughly examined Petitioner's pleadings, Respondent's answer, the relevant state court records, and the applicable law. For the reasons discussed above and based on the facts and law set forth in Respondent's answer, the Court finds Petitioner's claims should be denied.

---

[3] Under Texas law, denial of a habeas petition, rather than a dismissal, signifies that the state habeas court's adjudication of claims was on the merits. *See Salazar v. Dretke*, 419 F.3d 384, 398–99 (5th Cir. 2005).

[4] Respondent has adequately addressed each of Petitioner's grounds, and the Court need not repeat its arguments. *See* Dkt. No. 11, 7–11.

11

The Court therefore orders:

(1) The petition for writ of habeas corpus is denied and dismissed with prejudice.

(2) All relief not granted is denied, and any pending motions are denied.

(3) Under Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. For the reasons set forth above and in Respondent's answer, Petitioner has failed to show that reasonable jurists would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will enter judgment accordingly.

Dated July 31, 2025.

_____
JAMES WESLEY HENDRIX
United States District Judge